# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD U. HEPPLER dba SPIRITS OF VALLEY FORGE<br>Plaintiff<br><br>VS<br>PENNSYLVANIA LIQUOR CONTROL BOARD, PATRICK J. STAPLETON III CHAIRMAN; COMMONWEALTH of PENNSYLVANIA ROBERT McCORD, in his official capacity as Treasurer.<br>Defendant | COMPLAINT FOR DECLARATORY AND INJUNTIVE RELIEF |

## INTRODUCTION

- This lawsuit concerns the 21st Amendment and the Commercialization of the alcohol beverage industry in the Commonwealth of Pennsylvania; being that the Commonwealth of Pennsylvania wine and spirits market is incompatible with the competitive process a founding principles of this democracy. That the regulation of alcohol beverages in the member states being accepted as common good it is however, the unlawful use of the power to regulate that moves this action. That the Liquor Control Board of Pennsylvania has overstepped the power granted it under the 21st Amendment having evolved into a commercial enterprise unto itself, authoritarian by choice employing repressive means to achieve commercial profit and that Restraint of trade, Monopsony of trade, Fraud, Acts of Discrimination to injure, destroy and punish are the tools created having absolute control over the industry. In doing so the agency prevents competition in trade, seeks to rid itself of those business' deemed unprofitable according to its own commercialization which in the end is nothing more than this agency's faction for profit so that a free competition in lawful trade does not exist. To-wit a most basic violation of the Inherent Rights of Mankind.

## JURISDICTION

This Court has Jurisdiction over this action pursuant to *Sherman Act § 4*, 00 Specifically Restraint of Trade *Sherman Act § 1*, 15 U.S.C. § 1; Monopolizing trade *Sherman Act § 2*, 15 U.S.C. § 2; Free competition in lawful trade or commerce *Wilson Tariff Act § 73*, 15 U.S.C. § 8; *Clayton Act § 2*, 15 U.S.C. § 13, 15 U.S.C. § 15d; **18 U.S.C. § 1341**; Fraud by wire, radio 18 U.S.C. § 1343 ; Laundering **18 U.S.C. § 1956**; Civil Rights; Antitrust; Dormant Commerce Clause Art; Robinson-Patman Act 15 U.S.C. § 13

# CAUSE OF ACTION

- Plaintiff alleges that the Pennsylvania Liquor Control Board also known as the PLCB does knowingly discriminate against petitioner and denying his Equal Protection under the Fourteenth amendment

- With antithesis to the law defendant does willfully exceed the power granted to it under the 21st Amendment whereas the PLCB uses its market power and oligopoly to form a coercive monopoly in the market.

- That petitioners endeavor to establish a reasonable business in support of his family is thwarted and contravened by the PLCB.

- That the PLCB restricts petitioner's access to the market channel.

- Petitioner alleges malicious discrimination by continuing to deny him market access for his products and singling out his products for rejection

- That the PLCB employs discriminating tactics by stealing petitioners marketing concepts to position favored vendor's products and positioning products at the higher retail price to gain commercial profit in a monopoly scheme.

- That petitioner has been persecuted and blackballed for his efforts to speak out against PLCB illegal practices.

- That together the Commonwealth of Pennsylvania and the PLCB profits from acts of fraud.

- That the PLCB profits by ways of extortion seeks monetary reward from those wishing to enter the market.

- That the PLCB is commercializing the market for profit using monopoly to restrict competitors bottleneck new products, renders small licensed importers unfeasible market channels which have a limited avenue of sales and are not a reasonable entry into the market.

- Agency's restricts competition by commercialization of the PA market determining which products are allowed entry by reason of the highest profit margins.

- That the PLCB does increase profits by forcing consumers to pay higher cost then necessary, regulating interstate commerce and imposing interstate shipping rates.

- That PLCB employs an underhanded scheme of obstacles including tactics by bait and switch creating a market barrier to small vendors while employing an open door to large corporate business for the commercialization of the industry.

- That the PLCB extorts small vendors by suggesting item prices that will be accepted to enter the market channel.

- That by circumventing the acknowledge standard three tier chain of commerce, directly importing their own brand of merchandise is without exception contrary to the means to achieve and discriminatory and a restriction of Trade.

- Through advertising the PLCB attempts to brand products and to persuade potential customers to purchase thereby increase profits.

- That the PLCB through collusion, pressure, incentives or otherwise seeks to acquire products at lower than reasonable market price.

- That the PLCB has unlawfully transformed a government regulatory agency into "For Profit business" created an oligopoly of few sellers, which are likely to be aware of the actions of the others encouraging collusion and unilaterally commercialize the market rendering it incompatible with the competitive process

- That the PLCB has sought unilaterally to subvert or manipulate the market by withholding relevant information